**LAWTON–BYRNE–BRUNER INSURANCE AGENCY COMPANY, a Corporation, Plaintiff,**

v.

**AFCO TIME PAYMENTS, INC., a Corporation, Defendant-Respondent,**

Central States Hotel Corporation, a Corporation, Defendant-Appellant.

No. 33669.

St. Louis Court of Appeals, Missouri.

Feb. 23, 1971.

Rehearing Denied March 23, 1971.

Blumenfeld, Kalishman, Marx & Tureen, St. Louis, for defendant-appellant.

Lewis, Rice, Tucker, Allen & Chubb, James W. Herron, St. Louis, for plaintiff.

Hocker, Goodwin, Gibbons & Fehlig, Edward K. Fehlig, St. Louis, for defendant respondent.

LYON ANDERSON, Special Commissioner.

This is an interpleader action brought by Lawton-Byrne-Bruner Agency, a corporation, seeking a determination as to which of two defendants was entitled to a fund amounting to $2,168.14, being unearned premiums paid to plaintiff upon cancellation of certain policies of insurance procured by it insuring the property of Central States Hotel Corp. The defendants are AFCO Time Payments, Inc., a New York corporation with a place of business in Kansas City, and Central States Hotel Corp., a Missouri corporation. The policies were issued by Aetna Insurance Company, Bankers and Shippers Insurance Company, Centennial Insurance Company, and Queen Insurance Company of America. By the terms of said policies the property in question was insured from January 17, 1964 to August 23, 1966. The policies were cancelled February 23, 1965.

Defendant AFCO filed what it designated "Separate Answer and Counterclaim of Defendant AFCO Credit Corporation." By said pleading it was alleged that it advanced the amounts used to pay the premiums on the policies, and was entitled to the fund paid to plaintiff upon cancellation of said policies by reason of assignments executed by Central States and the insurance companies. It was also alleged that to refund said sum to defendant Central States would result in said defendant's unjust enrichment.

Defendant Central States also filed an "Answer and Counterclaim". In said pleading defendant denied it had assigned the unearned premiums to AFCO. The prayer of said pleading was for judgment against plaintiff for $2,168.14 plus interest and costs.

On May 7, 1969, plaintiff filed its motion for an order permitting it to pay the sum of $2,168.14 into the registry of the court and to be discharged from further liability. There was also a prayer for an attorney's fee and costs to be deducted from the fund to be deposited.

On May 21, 1969, plaintiff deposited in the registry of the court a certified check payable to the "Circuit Clerk, St. Louis City Circuit Court" in the amount of $2,-168.14. On the same date the parties to said action, through their counsel, stipulated that the court enter an order discharging plaintiff from further liability, and to allow plaintiff an attorney's fee in the sum of $210.00 and costs. Thereafter the court found that plaintiff's attorneys were entitled to $210.00 for services rendered, and that plaintiff was entitled to be discharged. Judgment was rendered accordingly.

Thereafter the court heard evidence relating to the rights of the defendants to the fund interpleaded. AFCO produced

evidence consisting of certain exhibits; the testimony of Gloria Lefton, manager of its Kansas City branch office; and the deposition of Noel R. Essman, President of Central States. Central States offered no evidence, but at the close of AFCO's case made a motion for judgment in its own favor. This motion was overruled by the court. Thereafter the court found for AFCO in the sum of $1,903.14, and against Central States. In due time Central States filed its notice of appeal from the judgment.

Mr. Essman testified that when Central States opened its hotel late in 1963 it obtained a policy of insurance from Firemen's Insurance Company of Newark, New Jersey. The term of the policy was for three years and insured against fire and public liability. It was procured through Ed Weinstein, agent for the insurance company. Mr. Essman testified: "The agent was Ed Weinstein. The Lake Forest Insurance Agency was the broker. So actually we didn't negotiate directly with Firemen's. We did so through the Ed Weinstein Insurance Agency." The policy was financed through AFCO. At the time the policy was issued there was executed a document containing certain information concerning matters relevant to the issuance of the policy. AFCO's printed form entitled "Premium Budget Agreement" was used to obtain the desired information. It was signed "Sam Kaufman" and underneath the signature was stamped "Lake Forest Insurance Agency". Under the line bearing Kaufman's signature appears the printed words "Signature of Agent or Broker".

Mr. Essman identified the signature appearing on said document as being that of Sam Kaufman.

Lake Forest Insurance Agency was a partnership engaged in the real estate and insurance business. The partners were Noel Essman, President of Central States, and Sam Kaufman.

In said document under the heading "Insured" appears "Central States Hotel Corp., 3023–27 Godfrey Road, Alton, Illinois." Under the heading "Agent or Broker" appears "Lake Forest Real Est. Agcy., 11109 DeMalle Drive, St. Louis, Mo. #63141". Also in said instrument appears the total premium, down payment, balance due, budget charge and the amount due AFCO. The date of the first installment was designated as 9/23/63, and the amount of each installment was designated as $661.38, payable for 28 months. It was also provided that in consideration of the premiums to be paid the insured agreed to assign to AFCO as security all return premiums which become payable under insured's policy.

AFCO also introduced in evidence a document entitled "Notice of Advance Premium". This instrument was received through the mail from Firemen's Insurance Company. It contained detailed information concerning the insurance coverage on the policy issued to Central States by said company. The information given consisted of answers to questions appearing on the instrument, a form prepared and forwarded to the insurance company by AFCO. There also appears on said instrument the following provision: "To the Insurer: AFCO will advance the premium on the policy described above subject to the conditions herein. In consideration of our advancing this premium the insured has assigned to us any and all unearned premiums * * * which may become payable under the policy." It was also provided that if the policy was cancelled the company would pay AFCO the gross unearned premium computed in accordance with the standard fire short rate table, with or without surrender of the policy.

The premium on the Firemen's policy was paid by AFCO. To repay the sum advanced regular installment payments of $661.38 were made to AFCO by Central States. There were fourteen payments made prior to the cancellation of the policy. The policy was cancelled when Fire-

men's notified Ed Weinstein, agent of Central States, that it was not legally able to carry the amount of insurance coverage specified in its policy on one facility. Weinstein then contacted plaintiff with reference to the matter. Plaintiff then placed the insurance with the four companies represented by it. A portion of the return premium from Firemen's was used to finance the new policies, and Central States continued to make the installment payments to AFCO. The only payments made by Central States for fire and liability insurance were those made to AFCO. The unearned premiums resulting from the cancellation of the four policies were paid to plaintiff, and the fund thus created is the subject matter of this suit.

A notice of advance premium was furnished AFCO by each of the four insurance companies whose premium refunds are involved in this action. These were similar in nature to the one previously furnished by Firemen's. All contained provisions identical to those contained in the notice sent to AFCO by Firemen's Insurance Company.

It further appears that the unearned premiums held by plaintiff and deposited into the registry of the court amounted to $2,168.14. The court allowed out of said fund an attorney's fee for plaintiff in the sum of $210.00, and the sum of $55.00 as security for costs.

The first point urged by appellant is that the court erred in finding that Central States was not entitled to recover because it failed to plead facts essential to a recovery by it, or introduce proof of its right to the fund deposited by plaintiff into the registry of the court. In support of this assignment it is urged that the finding against Central States resulted in the court's failure to follow the appropriate procedures governing interpleader actions, resulting in a finding against Central States, the insured under the policies, and for AFCO whose right to said fund was secondary to that of Central States, a re-sult not proper under the law. The complaint was that the court should have, after dismissing plaintiff, entered an order requiring the defendants to interplead for said fund.

Since this is an appeal of an equity case, we must review the case de novo upon the whole record and render such judgment as we deem proper regardless of the legal theory adopted by the trial court in arriving at its decision. On issues of fact we give due regard to the opportunity of the trial court to judge the credibility of the witnesses.

It appears from the record that both parties filed pleadings in this case in which their rights to the fund were set forth. In the counterclaim filed by AFCO it was alleged that it alone was entitled to the fund in question for the reason that it advanced on behalf of Central States the amounts used to pay the premiums on said policies, and under an agreement between it and Central States the latter assigned to it all unearned premiums which might become payable under said policies. By subsequent amendment it was alleged that to refund said sum to Central States would result in said defendant's unjust enrichment.

In the counterclaim filed by Central States certain allegations of plaintiff's petition were admitted. Those relevant to the issue under consideration were: (1) the issuance of the policies insuring the property of Central States; (2) that the policies provided in the event of cancellation any unearned premiums would be returned to the insured; and (3) that said policies were cancelled and that plaintiff held the net unearned premiums on said policies, which amount was refundable pursuant to the above mentioned provisions of the policies. It was then alleged that Central States was the only party entitled to the unearned premiums, and that it at no time assigned any of same to AFCO.

Prior to trial the parties stipulated that plaintiff should be discharged on payment into court of the sum of $2,168.14, and that

plaintiff was entitled to an attorney's fee of $210.00. Pursuant to this stipulation the court entered an order approving same, and since there was on deposit a certified check for $2,168.14, the court ordered plaintiff discharged. The court also ordered that plaintiff recover its costs, being the sum of $55.00, to be paid out of said fund. There was no order directing defendants to interplead for said sum. However, as we have heretofore stated, each party had filed a pleading setting forth its claim to the fund. That of Central States alleged that it at no time made any assignment of the unearned premiums to AFCO.

On the issues thus made by defendants' pleadings the case went to trial. Counsel for Central States was present during the entire trial and made no objection to the manner in which the case was tried.

▪ After AFCO rested its case the attorney for defendant Central States orally moved for judgment in favor of Central States. In support of said motion it was urged that AFCO had failed to prove an assignment as claimed, and that its evidence was not sufficient to establish the theory of unjust enrichment. The court overruled said motion, whereupon counsel for Central States announced that said defendant would stand on the motion for judgment. The case was then taken as submitted. Thereafter, the court entered judgment for AFCO and against Central States. In the motion for new trial filed by Central States no complaint was made with reference to the court's procedure. While the procedure was perhaps irregular the record fails to show that any rights of Central States were denied or adversely affected by the procedure followed by the trial court.

▪ Appellant contends that there was insufficient evidence to support a finding that the unearned premiums had been assigned to AFCO. In support of this contention it is urged that AFCO based its claim solely upon the "Premium Budget Agreement" heretofore described. Appellant contends that said document does not relate to the policies involved in this lawsuit, nor does it constitute an assignment of the unearned premiums of the Firemen's policy.

It appears from an examination of the Budget Agreement that by its terms the unearned premiums of the Firemen's policy were in fact assigned to AFCO. It also appears from the evidence that the fund thus created was used in financing the new policies. Thereafter each of these companies forwarded to AFCO a "Notice of Advance Premium" which clearly assigned unearned premiums upon cancellation of said policies. The policies were cancelled and the fund paid into the registry of the court represents unearned premiums paid plaintiff. It is further argued that the "Premium Budget Agreement" was not binding upon Central States for the reason it does not appear that the instrument was signed on behalf of said defendant, but was executed by Sam Kaufman on behalf of Lake Forest Insurance Agency to establish that the agent or broker had delivered the policy to the insured; that the policy was in full force and effect; that the premium indicated was correct; and that the policies complied with the eligibility requirement.

Although Mr. Essman testified that Lake Forest Insurance Agency were brokers, this does not resolve the question as to whether Kaufman was acting as agent for Central States in procuring the financing of the Firemen's policy.

▪ An insurance broker may become the agent of the insured, depending upon the facts in the particular case. In the case at bar it appears that Mr. Essman, in addition to being President of Central States, was a partner of Sam Kaufman. Considering the relationship of the parties and all the facts and circumstances in the case, it is our opinion that Mr. Kaufman acted as agent for Central States when he signed the instrument in question which contained an assignment of the unearned premiums in the Firemen's policy to AFCO.

The further contention that the Notices of Advance Premium were not relevant is without merit. They were the originals identified by Mrs. Lefton, manager of the Kansas City branch, as records kept under her supervision and control in the ordinary course of business.

Since we are holding that there was a valid assignment of the unearned premiums it will not be necessary to rule whether there was established an equitable lien or whether AFCO could recover on the theory of unjust enrichment.

Judgment affirmed.

PER CURIAM.

The foregoing opinion by LYON ANDERSON, Special Commissioner, is adopted as the opinion of this court. The judgment is affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.