Curtis FAIR, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43535.

Court of Criminal Appeals of Texas.

March 24, 1971.

Rehearing Denied May 5, 1971.

Gillespie & McClendon by Jack McClendon, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Ronald M. Jackson, Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for assault with intent to commit murder without malice. The punishment was assessed at one year.

The sufficiency of the evidence is not challenged. The State's evidence reflects that three officers of the police department of the City of Lubbock armed with a search warrant for marihuana went to appellant's apartment. As they arrived at the apartment complex a man yelled "police" and ran. The officers went to the door of appellant's apartment, knocked and announced that they were police. Someone inside said, "Wait a minute." The officers then could hear water running and a shuffling sound inside the apartment. They started to force the door open, but heard some gun shots and ran around to the back of the apartment where they again announced that they were police and told the appellant that they were coming in. They then went back and appellant, who was the only one in the apartment, opened the front door and let them enter. Once inside, they found a .22 caliber revolver on a chair which contained three spent shells and three where the firing pin had hit the cap but did not fire. Water was running in the kitchen sink, the lavatory in the bathroom, the bathtub and in the commode.

Later they found that one of the shots hit approximately six feet from the floor in the door where the officers attempted to enter. One hit to the right of the door and one in the ceiling above the door.

The appellant testified that he was using the bathroom and did not know it was officers at the door and that he shot to frighten whoever it was.

■ Appellant complains that the court erred in refusing his requested instructions which were in substance that to shoot another is not necessarily assault with intent to murder and that one who shoots at another with intent to stop him would not be guilty and that an officer executing a warrant is required to notify the occupants of the premises of his purpose before entering.

The court instructed the jury on circumstantial evidence, aggravated assault, simple assault and if appellant had no intent to kill he could not be found guilty of assault to murder. Appellant's rights were adequately protected in the charge.

■ The record does not show that the charges requested by the appellant were presented to the trial court before the charge was read to the jury as required by Article 36.15, Vernon's Ann.C.C.P., and are not properly before us for review. See Cole v. State, Tex.Cr.App., 458 S.W.2d 195.

■ Next, appellant contends that the court erred in overruling his objection to the limiting charge on extraneous offenses because no such offenses were proved.

The court instructed the jury as follows:

"You are further instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the intent of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment, and for no other purpose."

Appellant contends that the evidence would not show that appellant possessed marihuana and that the charge was a comment on the weight of the evidence.

The evidence shows that the officers were at appellant's apartment to execute a search warrant for marihuana. There was also testimony that marihuana could be dis-

posed of by flushing it down a commode or sink.

As contended by the appellant, no completed extraneous offense was proved.[1] However, evidence of other transactions may become admissible even though it does not show the commission of other offenses. Hart v. State, Tex.Cr.App., 447 S.W.2d 944; Cage v. State, 167 Tex.Cr.R. 355, 320 S.W. 2d 364.

 It was not necessary for the court to give the limiting instruction because the evidence was admissible to prove the main issue of motive and intent in the case. Thames v. State, Tex.Cr.App., 453 S.W.2d 495. The charge given was not harmful but beneficial to the appellant. No reversible error is shown.

The judgment is affirmed.

---

[1]. Reputation witnesses were asked if they had heard that appellant had been found guilty of violating the Marihuana Tax Act in the United States District Court for the Southern District of Texas.