**Opinion issued November 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00213-CR

———————————

**ANTHONY MICHAEL LONGORIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1378394**

---

## MEMORANDUM OPINION

A jury convicted appellant Anthony Michael Longoria of aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE § 29.03. The State alleged an enhancement based on Longoria's previous felony conviction for possession of a

controlled substance. The jury found the allegation of the enhancement to be true, and it assessed punishment at 20 years in prison.

On appeal, Longoria argues that the trial court erred by including an extraneous-offense limiting instruction in the jury charge over his objection. He also contends that a videorecording admitted into evidence was not authenticated properly.

We affirm the judgment of the trial court.

## Background

A jury convicted Longoria of committing aggravated robbery at the home of complainant Branislav Kupresakovic in Katy, Texas. *See* TEX. PENAL CODE § 29.03. Kupresakovic testified that late one evening someone knocked on the door of his home. He looked through the peephole in his front door and saw a young man he believed could have been a friend of his son. Kupresakovic opened the door, and then the young man pushed on the door and forced his way into the home. Two more men followed, with at least one of them wearing a bandana on his face. Kupresakovic screamed to his wife and adult son to call the police.

While Kupresakovic was held at gunpoint, his wife and son made their way into the master bedroom. The son found his father's loaded gun under the bed. When one of the intruders entered the bedroom and told them "to go in the living

room and lay down," the son shot and killed him. Upon hearing the gunshots, the other two men fled the house. The Kupresakovics then called the police.

The police stopped a vehicle identified by a neighbor who saw the two intruders fleeing the Kupresakovics' house. The two occupants, Brandon Trey King and Anthony Michael Longoria, were detained as robbery suspects. King and Longoria initially were held together in the back of a police car, where they discussed the robbery. A camera recorded their conversation. One of the detectives assigned to investigate the robbery, Sergeant Clopton, listened to the recording at the crime scene.

Longoria was indicted and tried on a charge of aggravated robbery. During trial, the State introduced evidence suggesting extraneous offenses committed by Longoria. A stolen handgun found the day following the robbery in the vicinity of the crime scene was offered into evidence. The police discovered that the gun had been stolen in Wiley, Texas, where Longoria is from. The State also presented evidence that Longoria smoked marijuana. The trial court included an extraneous-offense limiting instruction in the jury charge, over Longoria's objection.

A jury convicted Longoria of aggravated robbery, and it found the allegations of an enhancement to be true. During the punishment stage, the police-car recording of Longoria's conversation with King was offered into evidence,

over an objection that it had not been authenticated. The jury sentenced Longoria to 20 years in prison.

**Analysis**

Longoria raises four issues on appeal. In his first three issues, he contends that the trial court erred by including an extraneous-offense limiting instruction in the jury charge. In his fourth issue, Longoria argues that the trial court erred by admitting an improperly authenticated videorecording during the punishment stage.

## I. Jury charge

Longoria contends that the trial court erred by including an extraneous-offense limiting instruction in the jury charge over his objection. The charge included the following instruction:

> You are further instructed that if there is any evidence before you in this case regarding the defendant's committing an alleged offense or offenses other than the offense alleged against him in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, and even then you may only consider the same in determining the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose.

In reference to this limiting instruction, Longoria's counsel asserted at the charge conference that "there really hasn't been any evidence of extraneous offenses" and asked that the instruction "be deleted." The court responded that there "may have been very minimal" evidence of extraneous offenses including the

"the defendant's use of drugs" and the "implication that there may have been a burglary." As a result, the trial judge stated that she was giving the instruction to ensure that such evidence "would have to be proved beyond a reasonable doubt," and "taken into account" for "404(b) reasons." The court included the instruction over Longoria's objection.

On appeal, jury-charge error is reviewed using a two-step process. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). First, the court determines whether error exists in the charge. *Id*. To determine whether there was error in the charge, it is considered "as a whole instead of a series of isolated and unrelated statements." *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). If error does exist, the record is reviewed to determine whether the error caused sufficient harm to require reversal of the conviction. *Ngo*, 175 S.W.3d at 743. When the defendant properly objects to the error in the charge, reversal is required unless the error was harmless. *Id*.; *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *Starks v. State*, 127 S.W.3d 127, 133 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd, untimely filed). If the defendant fails to object to the charge, we will not reverse for jury-charge error unless the record shows "egregious harm" to the defendant. *Ngo*, 175 S.W.3d at 744-45.

In his first two issues, Longoria argues that the trial court erred because its decision to include the instruction violated Texas Rule of Evidence 105 and

Article 36.14 of the Texas Code of Criminal Procedure. He contends that because his counsel did not request a limiting instruction at the time the evidence was offered into evidence, it was admitted for all purposes under Rule 105. As a result, Longoria contends the limiting instruction included in the jury charge by the trial court was not "law applicable to the case" to be included in the charge pursuant to Article 36.14.

Rule 105 provides: "If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on request, must restrict the evidence to its proper scope and instruct the jury accordingly." TEX. R. EVID. 105(a). If a defendant fails to request a limiting instruction at the time the evidence is admitted, the court is not obligated to include a limiting instruction in the charge. *See, e.g.*, *Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008); *Delgado v. State*, 235 S.W.3d 244, 254 (Tex. Crim. App. 2007); *Hammock v. State*, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001). But that principle does do not prohibit the trial court from giving such an instruction on its own initiative. *See, e.g.*, *Williams*, 273 S.W.3d at 230; *Delgado*, 235 S.W.3d at 254; *Hammock*, 46 S.W.3d at 893.

Under Article 36.14, the trial court is required to give the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. art. 36.14; *see Celis v. State*, 416 S.W.3d 419, 433 (Tex. Crim. App. 2013).

In this case, there was evidence of extraneous offenses, including Longoria's use of drugs and the implication that Longoria may have stolen the gun. The State had the burden to prove all extraneous offenses beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. art. 37.07.

Even though Longoria did not request a limiting instruction at the time the evidence was admitted, the instruction included in the charge was a correct statement of the law that applied to the case. Because the trial court is not prohibited from giving a limiting instruction when the defendant does not request one, and the instruction given was a correct statement of the law, the trial court did not violate Rule 105 or Article 36.14.

In his third issue, Longoria contends that by giving the limiting instruction, the trial court violated his Sixth Amendment right to counsel. He contends that there were valid strategic reasons not to call the jury's attention to the extraneous offenses by mentioning them in the limiting instruction, and the trial court's decision to give the instruction over the objection of counsel deprived him of the benefit of that strategic choice.

To preserve error, counsel must present his objection to the court "distinctly specifying each ground of objection." TEX. CODE CRIM. PROC. art. 36.14. The objection must be specific and clear enough to apprise the trial court of the nature of the objection. *See Starks*, 127 S.W.3d at 133; *see also* TEX. CODE CRIM. PROC.

7

art. 36.14; TEX. R. APP. P. 33.1. Longoria's counsel objected to the charge by stating that "there really hasn't been any evidence of extraneous offenses" and asking that the instruction "be deleted." This is not a sufficient objection to suggest to the trial court that including the instruction would violate Longoria's Sixth Amendment right to counsel.

Because of the lack of objection, we will not reverse for jury-charge error unless the record shows that Longoria suffered "egregious harm" as a result of the instruction. *See Ngo*, 175 S.W.3d at 744–45. In this case, Longoria's counsel objected to the inclusion of the limiting instruction in the jury charge. Although the objection was not sustained, Longoria still received the benefit of his lawyer's advocacy on that point. By overruling counsel's objection and including a limiting instruction that contained a correct application of the law, the trial court did not deny Longoria his Sixth Amendment right to counsel.

In *Fair v. State*, the defendant did not request an extraneous-offense limiting instruction during trial, yet he objected to the trial court's inclusion of such an instruction in the jury charge. 465 S.W.2d 753, 755 (Tex. Crim. App. 1971). The Court of Criminal Appeals held that the trial court had not committed reversible error by including the instruction, and it observed that the charge given "was not harmful but beneficial to the appellant." *Id*. Similarly, in *Gilmore v. State*, a trial court included a limiting instruction in the jury charge even though the defendant

did not request one. No. 01-09-00260-CR, 2010 WL 987733, at *3 (Tex. App.—Houston [1st Dist.] March 18, 2010, pet. ref'd) (mem. op., not designated for publication). On appeal, the defendant contended that the trial court erred by including the instruction. *Id.* at *4. Because he did not object to the instruction at trial, this court reviewed the inclusion of the instruction under the egregious-harm standard, and found that he had not suffered egregious harm as a result of the instruction. *Id.* at *4. Likewise in this case, Longoria did not suffer egregious harm as a result of the trial court's instruction.

Because the trial court did not violate Rule 105 or Article 36.14, and Longoria did not suffer egregious harm, we overrule his first, second, and third issues.

## II. Authentication of evidence

In his final issue, Longoria argues that the trial court erred by admitting a video recording of a conversation that took place in the back of a police car following his arrest. Longoria frames his challenge to the admission of the video as an issue of the evidence's authenticity.

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to any guiding rules or principles. *Montgomery v.*

*State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). A trial court's evidentiary ruling will not be reversed unless that ruling falls outside the zone of reasonable disagreement. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).

As a condition precedent to admissibility, the proponent of the evidence must satisfy the requirement of authentication by showing that "the matter in question is what its proponent claims." TEX. R. EVID. 901(a). The question of authentication arises when the relevance of proffered evidence "'depends upon its identity, source, or connection with a particular person, place, thing or event.'" *Angleton v. State*, 971 S.W.2d 65, 70 (Tex. Crim. App. 1998) (quoting 2 Steven Goode, et al., *Texas Practice Guide to Texas Rules of Evidence: Civil & Criminal* § 9.01, at 191–92 (2d ed. 1993)). In performing its "gate-keeping function, the trial court itself need not be persuaded that the proffered evidence is authentic." *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). "The preliminary question for the trial court to decide is simply whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic." *Id*. "Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence." *Id*.

The recording admitted in this case includes the audio of a conversation between Longoria and King that took place in the back of a police cruiser following their arrest. The two men can be heard talking, but they are not visible on the video. At trial, Longoria objected to the video on the basis that the State had not proven that it had "not been tampered with or where it originated from," and that Officer McHugh—the operator of the car where they were detained and recorded—would have to be the one to authenticate the video, rather than Sergeant Clopton, the sponsoring witness at trial, who could not testify "whether or not the recording device was working properly."

In support of his argument that the State did not properly authenticate the video, Longoria argues that a proponent of a recording must adduce more evidence than the court required of the State in this case. He relies upon *Page v. State*, 125 S.W.3d 640 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd), in which the trial court admitted a videotape of a robbery that took place at a grocery store. *Id*. at 645, 648. The State authenticated the video through the store's loss-prevention investigator, who was not present at the store at the time of the robbery. *Id*. at 648. The investigator explained the functioning of the store's 16–camera digital recording system and how he had accessed recorded images from the system shortly after the robbery, reviewed the recording with the police, copied it onto a videotape, and gave it to the officers. *Id*. He also testified that he had viewed the

videotape before trial, and it had not been altered. *Id.* The court held that such evidence was sufficient to enable a reasonable juror to conclude that the videotape was what the State claimed it was, and the trial court did not abuse its discretion in admitting it into evidence. *Id*. at 648–49.

In this case, the State relied on the sponsoring testimony of Sergeant Clopton, who testified during the guilt-innocence stage that he was present at the crime scene on the night of the robbery and that he listened to the recording on that night. During the punishment stage, he testified that most of the Harris County Sheriff's Office patrol vehicles are equipped with digital "video as well as audio" recording devices and that Officer McHugh's patrol vehicle had this equipment on the night of the robbery. He further explained how the equipment worked, that Longoria and King had been detained together in Officer McHugh's car, and that he reviewed the recording of their conversation on the night of the incident. Finally, he identified the State's exhibit as a fair and accurate copy of the one he had listened to on that night and agreed that it had not been "tampered with in any way."

This testimony is sufficient to enable a reasonable juror to conclude that the videorecording was what the State claimed it was. *See Thierry v. State*, 288 S.W 3d 80, 90 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *see also Page*, 125

S.W.3d at 648–49. The trial court did not abuse its discretion in admitting the video recording. We overrule Longoria's fourth issue.

## Conclusion

We affirm the judgment of the trial court.



Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).