

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00017-CR

**DONNA KAY STEGGALL,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2015-2398-C2**

## MEMORANDUM OPINION

Donna Steggall appeals from convictions for two counts of aggravated sexual assault of a child and one count of indecency with a child.  TEX. PENAL CODE ANN. §§ 22.021, 21.11 (West 2011).  Steggall complains that the evidence was factually insufficient, the jury charge's instructions on extraneous offenses were erroneous, the application paragraph in the jury charge for injury to a child was erroneous because it included the wrong culpable mental states, the trial court erred by assessing court costs against her

because she is indigent, and the statute authorizing court costs against indigent defendants is unconstitutional as applied. Because we find no reversible error, we affirm the judgments of the trial court.

FACTUAL SUFFICIENCY

In her first issue, Steggall complains that this Court should reinstate factual sufficiency review and find that the evidence was factually insufficient for her to have committed the offenses for which she was convicted. The Texas Court of Criminal Appeals, in *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010), abandoned the factual-sufficiency standard in criminal cases. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). This Court has previously considered and rejected the arguments presented by Steggall. *See Wilkins v. State*, No. 10-16-00233-CR, 2018 Tex. App. LEXIS 1575 at *8 (Tex. App.—Waco Feb. 28, 2018, no pet.) (mem. op., not designated for publication). We are not persuaded to consider this argument in this proceeding. We overrule issue one.

JURY CHARGE LIMITING INSTRUCTIONS

In her second issue, Steggall complains that the two limiting instructions in the abstract portion of the jury charge were erroneous. Steggall complains that the limiting instruction regarding extraneous conduct pursuant to Rule of Evidence 404(b) in the jury charge was erroneous because it did not limit the purposes for which the extraneous conduct evidence was admitted. Steggall also complains that an instruction regarding

article 38.37 of the Code of Criminal Procedure was erroneous because it did not limit the evidence of extraneous offenses to any extraneous acts committed between her and the child victim but instead referred to "any" extraneous offenses without limitation.

RULE 404(B) INSTRUCTION

The jury charge included an instruction pursuant to Rule of Evidence 404(b) that stated:

> You are instructed that if there is any testimony before you in this case regarding the Defendant having committed any offenses, if any, other than the offenses alleged against her in the indictment in this case, you cannot consider said testimony for any purpose, unless you find and believe beyond a reasonable doubt that the Defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining proof of motive, opportunity, intent, preparation, plan or knowledge, if any, in connection with the offenses, if any, alleged against her in the indictment in this case, and for no other purpose.

Steggall complains that the instruction as provided was erroneous because it did not limit the jury's consideration of extraneous acts relating to drug abuse, her lesbian relationships and her sexual proclivities and/or fetishes to any specific purpose under Rule 404(b) but included the entire laundry list of purposes for which such evidence could be admissible pursuant to Rule 404(b).[1]

---

[1] The limiting instruction included in the jury charge was limited to "any offenses, if any" and included no reference to a "wrong" or "other act" as described in Rule 404(b). Steggall concedes that the evidence regarding her relationships and sexual activities were not unlawful acts. Therefore, those acts did not constitute an "offense" which would be applicable to that evidence and the jury instruction did not apply to that evidence.

A trial judge must—without any request or objections from the parties—prepare a charge that accurately sets out the law applicable to the charged offense. *See Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); TEX. CODE CRIM. PROC. art. 36.14. The trial court is not required to include a limiting instruction in the jury charge when no instruction was requested at the time the evidence was admitted. *Delgado*, 235 S.W.3d at 254. Steggall did not request a limiting instruction pursuant to Rule 404(b) of the Rules of Evidence at the time that evidence of possible extraneous offenses was admitted; thus, this evidence was admissible for all purposes. *See id.* But Steggall has not cited, nor have we found, any cases holding that a trial court is prohibited from including a limiting instruction in such a situation.

Instead, the Court of Criminal Appeals long ago considered and rejected an argument that the trial court reversibly erred by including a limiting instruction regarding extraneous offenses in the jury charge over the appellant's objection in *Fair v. State*. *See Fair v. State*, 465 S.W.2d 753, 754 (Tex. Crim. App. 1971). In *Fair*, the Court determined that the included instruction, although not required, "was not harmful but beneficial to the appellant" and it was not reversible error to instruct the jury that it could consider the extraneous offense for a limited purpose over the defendant's objection. *Fair*, 465 S.W.2d at 755.

In short, the Court of Criminal Appeals has held that an extraneous-offense limiting instruction is beneficial to a defendant, and a trial judge does not commit

reversible error by including such instruction in the jury charge. As such, the inclusion of this instruction was not reversible error. *See Fair*, 465 S.W.2d at 755.

ARTICLE 38.37 INSTRUCTION

Steggall also complains that the trial court's instruction pursuant to Article 38.37 was erroneous because it did not limit the jury's consideration of "offenses" committed by the Defendant to "offenses" committed between Steggall and the victim. The instruction in the jury charge stated:

> You are instructed that if there is any testimony before you in this case regarding the Defendant having committed any offenses, if any, other than the offenses alleged against her in the indictment, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other offenses, if any were committed, and even then you may only consider the same for its bearing on relevant matters, including the state of mind of the Defendant and the alleged victim, S.M., and the previous and subsequent relationship between the Defendant and the alleged victim, S.M. if any, in connection with the offenses, if any, alleged against her in the indictment in this case, and for no other purpose.

This instruction appears to be an amalgamation of Article 38.37, Section 1(b) and Section 2(b). The instruction as given was limited to other "offenses" allegedly committed by Steggall; however, Steggall complains only of an extraneous act at a swimming pool which she concedes likely does not constitute an "offense." We agree that the evidence in question did not constitute an "offense." Thus, this act was not included in the trial court's instruction. Because the evidence had been admitted without objection pursuant to Article 38.37 both during the evidentiary phase of the trial and in the jury charge, the

surplus instruction did not include the action of which Steggall complains and was therefore not erroneously included on this basis.

Because we find that the charge was not erroneous pursuant to Steggall's complaints regarding the jury instructions regarding extraneous offenses, we do not need to conduct a harm analysis. *See, e.g., Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). We overrule issue two.

## CULPABLE MENTAL STATE

In her third issue, Steggall complains that the trial court erred by failing to properly instruct the jury regarding the applicable culpable mental state for indecency with a child. The application paragraph of the jury charge stated that the jury had to find beyond a reasonable doubt that Steggall "did then and there with the intent to arouse or gratify the sexual desire of any person, intentionally or knowingly expose the Defendant's genitals, knowing that S.M., a child younger than seventeen (17) years of age was present…" Steggall contends that the terms "intentionally or knowingly" were erroneously included because the requisite intent does not include "knowingly." The abstract portion of the jury charge defined indecency with a child properly and did not include the phrase "intentionally or knowingly."

It is undisputed that Steggall did not object to the charge on this basis. Because there was no objection made to the charge by Steggall, we must first determine whether the charge as submitted to the jury was erroneous and if so, we must then analyze this

complaint utilizing the standard of *Almanza v. State*. *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985). Under *Almanza*, unobjected-to jury charge error will not result in reversal of a conviction in the absence of "egregious harm." *Almanza*, 686 S.W.2d at 171.

In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007).

The State concedes that the jury charge was erroneous on this basis. *See Bazanes v. State*, 310 S.W.3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd). We agree that the jury charge was erroneous. Therefore, we will review the record to determine whether this error could have caused egregious harm to Steggall, considering the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *See Olivas*, 202 S.W.3d at 144; *Almanza*, 686 S.W.2d at 171.

THE ENTIRE JURY CHARGE

The jury charge was otherwise unexceptional. The abstract portion accurately stated the substantive law on the offense of indecency with a child—including the specific intent to arouse or gratify—thus informing the jury of what the State had and did not

have to prove. The terms were defined in the abstract portion of the charge which was necessary for the two counts of aggravated sexual assault of a child, which was also properly defined. Moreover, the charge included the required specific intent to arouse or gratify in the application portion, along with the erroneous "intentionally and knowingly" language. The charge also correctly addressed the indictment, statements of the court and of counsel, the presumption of innocence, the credibility of witnesses and weight to be given their testimony, and the burden of proof, and we have previously determined that the instructions regarding extraneous offenses were not improperly given. Consequently, within the context of the entire jury charge, the erroneous application paragraph appears less harmful. The jury charge as a whole slightly lessens any potential harm suffered by Steggall.

THE STATE OF THE EVIDENCE

Regarding the state of the evidence, the primary contested issue at trial was whether Steggall committed the conduct at all. Whether or not Steggall committed the offense "with the intent to arouse or gratify" was not an issue. We find that the state of the evidence weighs against a finding of egregious harm to Steggall.

ARGUMENTS OF COUNSEL

The closing arguments by the State and Steggall were focused on whether or not the offenses were committed at all, not on the intent with which the indecency charge was committed. We find nothing in the closing arguments by either the State or Steggall

that indicates that she was egregiously harmed by the error, and in her brief, she acknowledges that this factor weighs against a finding of egregious harm.

OTHER INFORMATION IN THE TRIAL AS A WHOLE

After a review of the record, we note that each count in the indictment tracks the same objectionable language as the charge; however, Steggall did not challenge the indictment. Any potential error in the indictment was therefore, waived. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005). Steggall concedes that there is nothing in the record that suggests that she suffered egregious harm from the erroneous charge.

NO EGREGIOUS HARM

Under the stringent standards necessary to show egregious harm, we conclude that this error did not affect the very basis of Steggall's conviction for indecency with a child; thus, egregious harm has not been shown. Steggall's third issue is overruled.

**COURT COSTS**

In her fourth and fifth issues, Steggall asserts that the trial court erred in assessing court costs against her. In her fourth issue, Steggall argues that she should not have to pay court costs at all because she is indigent. In her fifth issue, Steggall argues that the statutes authorizing the assessment of court costs against indigent criminal defendants are unconstitutional as applied to her and violate her right to equal protection because court costs are not assessed against indigent civil parties.

This Court has overruled substantially-similar arguments pertaining to the imposition of court costs for indigent criminal defendants. *See, e.g., Martinez v. State*, 507 S.W.3d. 914, 916-18 (Tex. App.—Waco 2016, no pet.). In light of our decision in *Martinez*, we are not persuaded by Steggall's arguments regarding court costs. *See id*. Accordingly, we overrule Steggall's fourth and fifth issues.

**CONCLUSION**

Having found no reversible error, we affirm the judgments of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 8, 2018
Do not publish
[CRPM]

