

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00393-CR

**CARLOS EUGENO SERRANO,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. 21-26567**

## CONCURRENCE

The sole issue in this appeal is whether the trial court committed reversible error by including a limiting instruction in the jury charge when one was not requested or given at the time that the extraneous offense evidence was admitted. We have addressed this issue before. This is what we said:

> A trial judge must—without any request or objections from the parties— prepare a charge that accurately sets out the law applicable to the charged offense. *See Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007); TEX. CODE CRIM. PROC. art. 36.14. The trial court is not required to include a limiting instruction in the jury charge when no instruction was requested

at the time the evidence was admitted. *Delgado*, 235 S.W.3d at 254. Steggall did not request a limiting instruction pursuant to Rule 404(b) of the Rules of Evidence at the time that evidence of possible extraneous offenses was admitted; thus, this evidence was admissible for all purposes. *See id*. But Steggall has not cited, nor have we found, any cases holding that a trial court is prohibited from including a limiting instruction in such a situation.

Instead, the Court of Criminal Appeals long ago considered and rejected an argument that the trial court reversibly erred by including a limiting instruction regarding extraneous offenses in the jury charge over the appellant's objection in *Fair v. State*. *See Fair v. State*, 465 S.W.2d 753, 754 (Tex. Crim. App. 1971). In *Fair*, the Court determined that the included instruction, although not required, "was not harmful but beneficial to the appellant" and it was not reversible error to instruct the jury that it could consider the extraneous offense for a limited purpose over the defendant's objection. *Fair*, 465 S.W.2d at 755.

In short, the Court of Criminal Appeals has held that an extraneous-offense limiting instruction is beneficial to a defendant, and a trial judge does not commit reversible error by including such instruction in the jury charge. As such, the inclusion of this instruction was not reversible error. *See Fair*, 465 S.W.2d at 755.

*Steggall v. State*, No. 10-17-00017-CR, 2018 Tex. App. LEXIS 6228, *3-4 (Tex. App.—Waco Aug. 8, 2018, pet. ref'd).

I would respectfully say it again just like that and thus avoid the characterization of the trial court's extraneous offense instruction as proper or criticize it as being superfluous. I concur in the Court's judgment.

TOM GRAY
Chief Justice



Concurrence delivered and filed August 30, 2023
Do not publish