

In The

# Court of Appeals

## Seventh District of Texas at Amarillo

_____

No. 07-23-00349-CR
_____

JUAN JOSE BANDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 368th District Court
Williamson County, Texas[1]
Trial Court No. 23-0854-K368, Honorable Sarah Bruchmiller, Presiding

August 15, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Juan Jose Banda, Appellant, appeals his conviction for the offense of continuous sexual abuse of a child under fourteen years of age.[2]  In this appeal, Appellant raises two

---

[1] This case is before the Court on transfer from the Third Court of Appeals pursuant to a docket equalization order of the Supreme Court of Texas.  TEX. GOV'T CODE ANN. § 73.001.

[2] TEX. PENAL CODE ANN. § 21.02(b).

issues alleging errors in the jury charge and one issue regarding the trial court's failure to remove a juror.  We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of continuous sexual abuse of a child.  The indictment alleged that Appellant committed acts of sexual abuse against three children younger than fourteen years of age: T.C. and I.C., who are Appellant's grandchildren, and J.R., a family friend.[3]  Specifically, it alleged that Appellant touched the genitals of J.R., I.C., and T.C. with his hand, penetrated the sexual organ of I.C. with his finger, contacted the sexual organ of T.C. with his mouth, and caused his sexual organ to contact T.C.'s mouth.  At trial, T.C., I.C., and J.R. testified to these acts.  The jury also heard testimony about several other instances of sexual misconduct by Appellant, including testimony from T.C. that Appellant touched her breasts with his hand and caused his penis to touch her vagina through clothing when she sat on his lap.  In addition, another family friend, A.A., testified that when Appellant and his wife babysat her, Appellant would take her hand and place it on his penis.

The jury found Appellant guilty of the offense and returned a verdict sentencing Appellant to life imprisonment.  The court entered judgment on the jury's verdicts and Appellant brought this appeal.

---

[3] To protect the privacy of the complainants, we identify them by their initials.  *See* TEX. CONST. art. 1, § 30(a)(1).

ANALYSIS

Jury Instructions on Extraneous Acts

During the charge conference, Appellant's counsel objected to the portion of the charge that instructed the jury on evidence of other crimes, wrongs, or acts not alleged in the indictment, stating:

> [M]y objection there is that the language itself is confusing and does not, therefore, limit the jury's consideration of any extraneous offense evidence as required by Article 38.37.  So that's a general objection, just that those four paragraphs . . . are very, very confusing and do not assist the jury in their consideration of the evidence.

The trial court overruled the objections to this portion of the charge.

In his first issue, Appellant asserts that the jury charge included an instruction that permitted the jury to consider extraneous offense evidence, which was admitted pursuant to article 38.37 of the Texas Code of Criminal Procedure, for improper purposes.  We review claims of charge error by determining first whether error exists, then evaluating the harm caused by any error.  *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)).  When a defendant timely objects to the charge at trial, reversal is required if we find "some harm" to the defendant.  *Id.*  When error is not properly preserved, the error must have resulted in egregious harm to justify reversal.  *Id.*

Article 38.37 of the Code of Criminal Procedure permits the admission of extraneous offense evidence under certain circumstances.  TEX. CODE CRIM. PROC. ANN. art. 38.37.  Section 1(b) of article 38.37 reads:

Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
(1) the state of mind of the defendant and the child; and
(2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b). Section 2(b) of article 38.37 provides:

Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

*Id.* § 2(b).

Appellant asserts that while sections 1(b) and 2(b) of article 38.37 both permit the admission of evidence of extraneous offenses, wrongs, or bad acts, only section 2(b) explicitly allows the jury to use such evidence to consider a defendant's propensity to commit the charged offense. The charge included these two paragraphs addressing evidence of extraneous offenses or acts:

You are instructed that if there is any evidence before you in this case regarding other crimes, wrongs, or acts committed by the defendant against [T.C., I.C., or J.R.], you may consider any such evidence for its bearing on relevant matters, including the state of mind of the defendant and [T.C., I.C., or J.R.], and the previous or subsequent relationship between the defendant and [T.C., I.C., or J.R.].

You are instructed that if there is any evidence before you in this case that the defendant committed the separate offense(s) of Indecency with a Child by Sexual Contact, you may consider any such evidence for its bearing on relevant matters, including the character of the defendant, and acts performed in conformity with the character of the defendant.

4

According to Appellant, the instruction impermissibly allows evidence of any extraneous indecency with a child by sexual contact offense against T.C., I.C., or J.R. and admitted pursuant to section 1(b), to be considered for purposes of character conformity. He argues that only evidence of such acts committed against A.A., admitted pursuant to section 2(b), should be considered as propensity evidence. Appellant further argues that this error caused him some harm because it allowed the jury to decide his guilt on an improper basis.

Even if we assume, without deciding, that the complained-of instruction is erroneous and that Appellant's general objection that the instruction was confusing was sufficient to preserve his complaint on appeal, there is no basis for reversal unless we also find that the instruction caused Appellant "some harm." In his brief, Appellant identifies four acts constituting indecency with a child other than A.A. by sexual contact. Testimony about all four acts came in without objection or limitation. Because Appellant did not request a limiting instruction when the extraneous offense evidence was admitted, it became part of the general evidence which the jury could use for any purpose. *Klein v. State*, 273 S.W.3d 297, 318 (Tex. Crim. App. 2008). "A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge." *Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008); *see also Beam v. State*, 447 S.W.3d 401, 406–07 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Because there was no request, the evidence became admissible for all purposes and the court was not required to give the jury any limiting instruction under Article 38.37. It naturally follows that the court was not required to give the jury a limiting instruction that

5

tracked the language of Article 38.37."). Because the extraneous offense evidence was admitted for all purposes, we cannot conclude that Appellant was harmed by an instruction that the jury could consider it only for certain purposes. *See Fair v. State*, 465 S.W.2d 753, 755 (Tex. Crim. App. 1971) (limiting instruction "was not harmful but beneficial to the appellant"). We overrule Appellant's first issue.

In his second issue, Appellant argues that the jury charge included an instruction that permitted the jury to consider Rule 404(b) evidence for improper purposes. Appellant maintains that the instruction should have described the specific bad acts at issue and should have identified the specific purpose(s) for which it could be considered in this case. The challenged instruction read:

> You are instructed that if there is any evidence before you in this case regarding the defendant having committed other crimes, wrongs, or bad acts (other than the crimes, wrongs[,] or bad acts described in the preceding two paragraphs), you cannot consider any such evidence to prove the character of the defendant or that he acted in conformity with his character; however, you may consider any such evidence for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge or identity, or to show the absence of mistake or accident, if any, in connection with the offense, if any, alleged against him in the indictment in this case.

As set forth above, when evidence is admitted without a contemporaneous request for a limiting instruction, the evidence is admissible for all purposes. *Williams*, 273 S.W.3d at 230; *see Delgado v. State*, 235 S.W.3d 244, 253 (Tex. Crim. App. 2007) ("[A] defendant is entitled to limiting instructions on the use of extraneous offenses during the guilt phase only if he timely requests those instructions when the evidence is first introduced."). Appellant did not raise objections or request limiting instructions at the time that the evidence of extraneous acts was admitted during trial. Therefore, the evidence was

6

admitted for all purposes. Consequently, we cannot conclude that Appellant was harmed by an instruction limiting the jury's consideration of the evidence. *See Fair*, 465 S.W.2d at 755. We overrule Appellant's second issue.

Failure to Question or Remove Juror

In his final issue, Appellant contends that the trial court erred by failing to conduct a thorough inquiry into whether a juror was asleep during the guilt/innocence phase of the trial. Appellant contends that a juror's sleeping through trial is a form of misconduct that vitiates a defendant's right to a fair trial.

The record shows that the jury returned its verdict finding Appellant guilty on Friday, August 25. The punishment phase of the trial was to begin on Monday, August 28. That morning, Appellant's counsel informed the trial court that he had observed a juror sleeping during portions of the closing arguments and that he "was informed that [the juror] slept through portions of the trial." Co-counsel for Appellant also informed the trial court that she had seen the juror asleep "a lot." They requested that the juror be removed and replaced with an alternate. Counsel for the State responded that she had not seen the juror sleeping at any point and that Appellant's complaint was untimely. Appellant's counsel then suggested that the trial court question the juror. The trial court decided to take the matter under advisement and to make a decision before the jury began deliberations on punishment.

Following the presentation of evidence, the jury was excused. The trial court informed the parties that neither she nor her bailiff had seen any juror sleeping during the trial. The trial court observed the challenged juror on Monday morning and determined

7

that he did not appear to be asleep at any time. Finally, the trial court noted that the guilt/innocence phase of the trial had lasted from Monday through Friday of the previous week, and the complaint about the juror sleeping had not been brought to her attention until the beginning of the punishment phase. The trial court then denied Appellant's request to have the juror questioned or removed.

We first address the State's contention that Appellant failed to preserve error. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely and specific request, objection, or motion. *See* TEX. R. APP. P. 33.1. Here, despite having observed the juror sleeping during closing arguments, Appellant did not bring this complaint to the trial court's attention before the charge was submitted to the jury or during the ten-hour period in which the jury was deliberating. Instead, Appellant raised his concerns after the jury had returned a guilty verdict. Further, Appellant did not ask the court to declare a mistrial based on juror misconduct, nor did he raise the issue of juror misconduct in his motion for new trial. "A motion for new trial is the proper course to be taken in preserving alleged jury misconduct error for appeal." *Trout v. State*, 702 S.W.2d 618, 620 (Tex. Crim. App. 1985) (en banc); *see Castillo v. State*, 319 S.W.3d 966, 970 (Tex. App.—Austin 2010, pet. ref'd) (op. on reh'g) ("To preserve error caused by juror misconduct, the defendant must either move for a mistrial or file a motion for new trial supported by affidavits of a juror or other person in position to know the facts alleging misconduct.").

Because Appellant did not make an objection at the earliest opportunity, move for a mistrial, or raise this issue in a motion for new trial, we conclude that he has not preserved this complaint for our review. Appellant's third issue is overruled.

8

**CONCLUSION**

For the reasons set forth above, we overrule each of Appellant's issues and affirm the judgment of the trial court.

Judy C. Parker<br>Justice

Do not publish.