# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00579-CR

---

**Jeffrie Sterling Lane, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 22DCR85596, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

---

## O P I N I O N

A jury found appellant Jeffrie Sterling Lane, Jr. guilty of aggravated assault with a deadly weapon and assessed his punishment at thirty-five years' confinement and a $5,000 fine. *See* Tex. Penal Code § 22.02(a)(1), (b)(1). The trial court sentenced Lane in accordance with the jury's verdict. In a single issue on appeal, Lane contends that the trial court erred by including in the guilt-innocence jury charge an "incomplete extraneous[-]offense instruction," which failed to instruct jurors that they could not consider extraneous-offense evidence for propensity purposes or "any other purpose besides the ones provided" in the instruction. We affirm the trial court's nunc pro tunc judgment of conviction.[1]

---

[1] The trial court issued a nunc pro tunc judgment on October 3, 2024, to correctly reflect the jury's finding that Lane used a deadly weapon.

# BACKGROUND

The State alleged that on or about January 19, 2022, Lane set his wife, Nina Lane (Nina), on fire. At trial, Nina testified about the charged offense as well as other abuse she suffered from Lane. During their marriage, physical abuse "became an everyday thing" and typically included his hitting her with his hands or choking her, including at least once in front of her children. He poured gasoline on her twice (not including during the charged offense), punched her in the face, and tried to shoot her. She had a scar on her head from when he had beaten her on his release from jail and bruises on her body "because he would randomly hit [her] whenever [they] were in bed together." She testified, "I was so used to coming up with reasons or excuses why I had black eyes or strangulation marks or a broken blood vessel in my eye that it just came natural, unfortunately[.]" At no point during Nina's testimony did defense counsel request a contemporaneous limiting instruction regarding the purposes for which the extraneous-offense evidence was admitted.

The trial court's guilt-innocence phase jury charge included the following instruction[2] concerning extraneous offenses:

> If there is any testimony before you in this case regarding the defendant having committed offenses other than the offense alleged in the indictment you are not to consider that evidence at all unless you find, beyond a reasonable doubt, that the defendant did, in fact, commit the offense. Those of you who believe the defendant committed those offenses may consider it. You may consider this evidence for any bearing this evidence has on relevant matters, including evidence that would assist the trier of fact in determining whether the actor committed the offense, including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim. You may consider the evidence for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

---

[2] The instruction in part tracked article 38.371 of the Code of Criminal Procedure and Rule of Evidence 404. *See* Tex. Code Crim. Proc. art. 38.371(b); Tex. R. Evid. 404(b)(2).

mistake, or lack of accident of the defendant in connection with the offense alleged against him in the indictment in this case.

After hearing the evidence and the attorneys' arguments, the jury found Lane guilty and assessed his punishment as stated above. This appeal followed.

## DISCUSSION

In his only issue, Lane contends that the trial court "erroneously gave an incomplete extraneous[-]offense instruction by failing to prohibit consideration of uncharged conduct for propensity purposes, or any other purposes beyond those authorized, egregiously harming [Lane]." He asserts that Nina "testified to at least six instances of extraneous conduct: at least two prior occasions where she alleged [Lane] poured gasoline on her, unnumbered instances of threats and physical abuse, a physically abusive event that she alleged occurred the evening before the instant offense, and a threatening event involving a firearm from fall 2021." Although he acknowledges that defense counsel "did not request a limiting instruction at the time the evidence was admitted" and that consequently "the evidence was admitted for all purposes," Lane argues that the trial court's *sua sponte* inclusion of an extraneous-offense instruction without the provisions he identifies on appeal was error. The State responds that the trial court had no duty to further limit the purposes for which the jury could consider the extraneous-offense evidence because the evidence was admitted for *all* purposes as a result of defense counsel's failure to request contemporaneous limiting instructions.

A trial court is statutorily obligated to instruct the jury on the "law applicable to the case." *See* Tex. Code Crim. Proc. art. 36.14; *Mendez v. State*, 545 S.W.3d 548, 552 (Tex. Crim. App. 2018). The jury charge should tell the jury what law applies and how it applies to the case. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). The trial court's duty to instruct

3

the jury on the "law applicable to the case" exists even when defense counsel fails to object to inclusions or exclusions in the charge. *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013). The trial court is "'ultimately responsible for the accuracy of the jury charge and accompanying instructions.'" *Mendez*, 545 S.W.3d at 552 (quoting *Delgado*, 235 S.W.3d at 249).

We review alleged jury-charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). When, as here, the defendant does not make a timely objection during the proceedings below, we must determine whether the record establishes that the error caused him "egregious harm." *See Gonzalez v. State*, 610 S.W.3d 22, 27 (Tex. Crim. App. 2020).

Rule of Evidence 105 provides in relevant part that if a trial court admits evidence that is admissible for one purpose but not another, "the court, on request, must restrict the evidence to its proper scope and instruct the jury accordingly." Tex. R. Evid. 105(a). A party may only claim error for failure to provide a limiting instruction on appeal if it requested that the court provide one at trial. *See id.* R. 105(b). The Court of Criminal Appeals summarized the trial court's responsibilities in *Delgado*:

> [I]f a defendant does not request a limiting instruction under Rule 105 at the time that evidence is admitted, then the trial judge has no obligation to limit the use of that evidence later in the jury charge. This doctrine is a sensible one because otherwise a jury might sit through most of a trial under the mistaken belief that certain evidence is admissible for all purposes when, in fact, it is not. Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes . . . . [A] limiting instruction concerning the use of extraneous offense evidence should be requested, and given, in the guilt-stage jury charge only if the defendant requested a limiting instruction at the time the evidence was first admitted.

4

235 S.W.3d at 251; *see Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008) ("A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge."); *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) ("Because appellant did not request a limiting instruction at the first opportunity, the evidence was admitted for all purposes."); *Harmel v. State*, 597 S.W.3d 943, 961 (Tex. App.—Austin 2020, no pet.) ("[E]ven when a Rule 404(b) limiting instruction would be proper to give, the trial court has 'no duty to include one in the jury charge for the guilt phase [when] appellant fail[s] to request one at the time the evidence was offered.'" (quoting *Delgado*, 235 S.W.3d at 254)).

Lane concedes that defense counsel did not request a contemporaneous limiting instruction for any of the extraneous-offense evidence Lane has identified on appeal. Thus, as Lane recognizes, that evidence was admitted for all purposes, and he cannot now claim error arising from the evidence's admission for those purposes. *See* Tex. R. Evid. 105; *Delgado*, 235 S.W.3d at 251; *Hammock*, 46 S.W.3d at 895. Moreover, because the evidence was admitted for all purposes, the trial court had no duty to include *any* instruction restricting the permissible scope of the jury's consideration of the evidence. *See Delgado*, 235 S.W.3d at 251; *Williams*, 273 S.W.3d at 230.

To the extent Lane argues that by nevertheless including an extraneous-offense instruction, the trial court was required also to instruct the jury that it could not consider extraneous-offense evidence for any unlisted purpose, including propensity, he has offered no authority for his argument, with which we do not agree. First, our sister court has noted the absence of cases "holding that a trial court is prohibited from including a limiting instruction in such a situation." *Ferreira v. State*, 514 S.W.3d 297, 301 (Tex. App.—Houston [14th Dist.] 2016, pet.

5

ref'd); *accord Yepez v. State*, 696 S.W.3d 1, 9 (Tex. App.—Houston [1st Dist.] 2022, no pet.) ("Appellant has not directed us to, nor have we found, any cases holding that a trial court errs by including an extraneous-offense limiting instruction in the jury charge over a defendant's objection in such circumstances.").

Second, the Court of Criminal Appeals has held that inclusion of an unnecessary extraneous-offense limiting instruction in a jury charge was not reversible error because it "was not harmful but beneficial to the appellant." *Fair v. State*, 465 S.W.2d 753, 755 (Tex. Crim. App. 1971). In *Fair*, there was no evidence of a completed extraneous offense, but the trial court overruled the defendant's objection to the inclusion of an instruction that the jury could consider extraneous-offense evidence only in determining the defendant's intent. *Id.* at 754–55. The instruction in the present case could likewise only have benefited Lane by limiting the purposes for which jurors could consider extraneous-offense evidence despite its being admitted for all purposes.

Third, concluding that an extraneous-offense instruction in a jury charge must contain certain limitations when no contemporaneous limiting instruction was requested would render superfluous the Court of Criminal Appeals' statements regarding the uselessness of all such extraneous-offense instructions. The court has explained:

> If the jury is required to consider evidence in a limited manner, then it must do so from the moment the evidence is admitted. Allowing the jury to consider evidence for all purposes and then telling them to consider that same evidence for a limited purpose only is asking a jury to do the impossible. If a limiting instruction is to be given, it must be when the evidence is admitted to be effective . . . . This Court has noted that "it is impossible for [the jury] to go back at the close of the trial and reassess the evidence in light of the limiting instruction, even if they could appreciate which items of evidence the instruction was supposed to apply to."

6

*Hammock*, 46 S.W.3d at 894–95 (quoting *Rankin v. State*, 974 S.W.2d 707, 711 (Tex. Crim. App. 1996).

For these reasons, we conclude that the trial court did not err by not instructing the jury that it could not consider extraneous-offense evidence for propensity purposes or for other purposes not listed in its extraneous-offense instruction. *See Alcoser*, 663 S.W.3d at 165. Because we conclude that no error exists in the jury charge, we do not reach the issue of harm. *See Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013) ("Because there is no charge error in this case, we need not conduct a harm analysis."). We overrule Lane's sole issue.

## CONCLUSION

Having overruled Lane's only issue on appeal, we affirm the trial court's judgment of conviction.

_____
Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed:   April 3, 2026

Publish