**Affirmed and Opinion filed December 22, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00897-CR

**JESUS EDUARDO ESPARZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1415710**

## O P I N I O N

A jury convicted appellant, Jesus Eduardo Esparza, of indecency with a child, a second-degree felony. *See* Tex. Penal Code § 21.11 (a) (West 2015). Appellant brings two issues on appeal: (1) the trial court erred when it excluded witness testimony regarding complainant's potential bias against appellant; and (2) the trial court erred when it gave the jury a limiting instruction on extraneous conduct. We affirm.

# I.   BACKGROUND

Complainant is a minor. The families of complainant and appellant would often get together. Appellant has a son, Eric,[1] who is around the same age as complainant. On November 23, 2013, complainant's mother dropped him and his younger brother off at appellant's house. Complainant and Eric watched movies while lying on the mattress. Complainant fell asleep. Complainant testified that he awoke to appellant, instead of Eric, beside him on the mattress. At this point, appellant committed the charged offense.

A jury convicted appellant and the trial court sentenced him, in accordance with the parties' agreement, to seven years in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed this appeal.

# II.   ANALYSIS

## A.  Exclusion of Evidence

In his first issue, appellant contends that the trial court abused its discretion when it excluded testimony regarding complainant's potential bias against appellant.[2]  Appellant contends that this bias may have arisen from an exchange between Eric and complainant on the night appellant committed the charged offense.

---

[1] The pseudonym "Eric" will be used for the appellant's son in this case because he was a minor at the time of the offense. *See* Tex. R. App. P. 9.10.

[2] To the extent appellant contends that the trial court's refusal to allow cross-examination on this topic violates the Confrontation Clause, we hold that appellant failed to preserve this complaint for appellate review. The State objected to defense counsel's line of questioning on relevance grounds, and defense counsel explained that the questioning goes to complainant's motive to lie or bias against appellant. Defense counsel did not argue that this questioning was necessary to satisfy the mandates of the Confrontation Clause. *See id*. at 179 ("When a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause, the objection is not sufficiently specific to preserve error.") (citing *Cantu v. State*, 939 S.W.2d 627, 634 (Tex. Crim. App. 1997)).

We review a trial court's decision to exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). We review the evidence in the light most favorable to the trial court's ruling. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). A trial court's ruling on the admission of evidence must be affirmed if it is correct under any theory of law, even if the trial court gives the wrong reason for its ruling. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

"A defendant has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule." *Miller v. State*, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001). The proponent of evidence to show bias must establish that it is relevant by demonstrating a "nexus, or logical connection, exists between the witness's testimony and the witness's potential motive to testify in favor of the other party." *Woods v. State*, 152 S.W.3d 105, 111–12 (Tex. Crim. App. 2004); *see also* Tex. R. Evid. 401, 402. Great latitude is given to the accused to show any fact that would tend to establish bias or motive on the part of any witness testifying against him, but "the trial court has discretion in determining how and when bias may be proved, and what collateral evidence is material for that purpose." *Recer v. State*, 821 S.W.2d 715, 717 (Tex. App.—Houston [14th Dist.] 1991, no pet.).

Here, Eric testified that he considered complainant a good friend, but stated "sometimes, he doesn't sit well with me" because of the "way he acts and the way we play." The State objected on grounds that the testimony was irrelevant and

violated rule 412. *See* Tex. R. Evid. 402, 412.[3] The trial court held an in-camera hearing, during which Eric testified that, while complainant and Eric would lie down, complainant would touch Eric in a way that made Eric uncomfortable. Complainant would sometimes grab Eric's shoulders and touch Eric's feet with his own feet. Complainant did this on the night in question, and Eric testified that this contact was non-sexual. Eric informed complainant on this night and on other occasions, that he disliked such physical contact. Eric testified that complainant did not appear angry when Eric informed complainant of his discomfort. The trial court sustained the State's objection, stating, "I don't think it's relevant or it's admissible."

Appellant contends that the testimony was relevant. Appellant reasons that a "rebuffing" between two young male friends could have motivated complainant to make false accusations against appellant. However, the record reveals that complainant did not appear angry, and there was no dispute between the two boys. Furthermore, the excluded testimony did not connect Eric's voiced discomfort to complainant's alleged bias against *appellant*. Even if complainant was biased against Eric, it does not logically follow that complainant fabricated appellant's indecent conduct. *See Reynolds v. State*, 371 S.W.3d 511, 521 (Tex. App.— Houston [1st Dist.] 2012, pet. ref'd) (finding no logical connection existed between

---

[3] Appellant argues that rule 412 is inapplicable here and we agree. The rule states, in part:

> The following evidence is not admissible in a prosecution for sexual assault, aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault: (1) reputation or opinion evidence of a victim's past sexual behavior; or (2) specific instances of a victim's past sexual behavior.

Tex. R. Evid. 412. Rule 412, on its face, does not apply to a case of indecency with a child. *See Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005) ("[T]hat rule applies to cases of sexual assault, aggravated sexual assault, or an attempt to commit those offenses. It does not on its face apply to a case of indecency with a child.").

victim's dislike of appellant's mother and her motive to testify against appellant and give false testimony; thus, no error in excluding such testimony).

We conclude that the record provides a basis for the trial court's conclusion that appellant failed to establish relevancy or the logical nexus required to demonstrate bias. The trial court did not abuse its discretion in refusing to allow defense counsel to pursue this line of questioning.

We overrule appellant's first issue.

## B.  Jury Charge Error

Appellant contends in his second issue that the trial court erred when it charged the jury with a limiting instruction on any admitted, extraneous offenses that appellant committed. The charged conduct was that appellant touched complainant's genitals, but the trial court also admitted evidence that appellant made complainant touch his genitals and asked complainant to perform oral sex on him. Appellant does not contend that the trial court erroneously admitted testimony regarding the extraneous acts.

The State contends that appellant did not preserve this issue for appeal. We disagree. During the conference on jury instructions, defense counsel requested the trial court to omit the article 38.37 extraneous offense instruction at issue here, and a second, more general extraneous offense instruction that the State requested. *See Resendez v. State*, 306 S.W.3d 308 (Tex. Crim. App. 2009) ("Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to 'let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.' ") (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). Defense counsel argued that the article 38.37 instruction was

5

unduly prejudicial and would improperly influence the jury into thinking separate cases were filed against appellant. The court disagreed, explained its thoughts on the issue, and then the parties went on to address the other, more general limiting instruction. The court then asked for clarification: "[W]ith the exception of what you previously put on the record [regarding] the 38.37 instruction, are there any *other* objections?" Defense counsel replied by requesting "his page" be omitted. The court stated that it would not include the general extraneous instruction, and asked if counsel had any objections to the article 38.37 instruction. Defense counsel responded, "Not *more* than what was already stated." We cannot agree with the State that defense counsel failed to object. In context, the court understood defense counsel's arguments regarding the article 38.37 instruction as an objection. The trial court included the instruction in the jury charge anyway. That was an implicit ruling. *See* Tex. R. App. P. 33.1 (requiring, for preservation purposes, a trial court to rule on a request, objection, or motion, either expressly or implicitly).

We review a claim of jury charge error using the two-step procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). We first determine whether there is error in the charge. *Id.*; *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). Then, if error is found, we analyze that error for harm. *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013).

The court included the limiting instruction in the jury charge *sua sponte*, and over appellant's objection. The instruction correctly tracked the language of article 38.37 of the Texas Code of Criminal Procedure and provided:

> You are further instructed that if there is any evidence before you in this case regarding the defendant's committing other crimes, wrongs or acts against the child who is the victim of the alleged offense in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other crimes wrongs or acts against the

6

child if any and even then you may only consider the same in determining its bearing on relevant matters, including (1) the state of mind of the defendant and the child and (2) the previous and subsequent relationship between the defendant and the child and for no other purpose.

*Compare* Tex. Code Crim. Proc. art. 38.37, § 1(b) (2015).

Appellant contends the trial court erred because it had no *sua sponte* duty to give this limiting instruction for extraneous offenses in the jury charge, citing *Delgado v. State*, 235 S.W.3d 244, 246 (Tex. Crim. App. 2007). In *Delgado*, the Court of Criminal Appeals held that a trial court does not commit error if it does not include, and the defendant does not request, a limiting instruction in the jury charge on the State's burden of proof for extraneous offenses offered under rule 404(b). *Id.* However, a trial court must include the instruction when requested by the defendant. *Id. Delgado* does not say, and it does not follow, that trial courts are prohibited from including an extraneous offense instruction raised by the evidence if the defendant objects. We have found no authority for construing *Delgado* as appellant suggests.

Appellant further claims that it is acceptable trial strategy for defense counsel to object to an article 38.37 limiting instruction, and therefore, the trial court should not have included the instruction over his objection.[4] To support his claim, appellant cites inapplicable cases that resolved issues of whether counsel rendered effective assistance.

We know of no case where jury charge error was found because it was

---

[4] Appellant's strategy was to avoid misleading the jury into thinking appellant committed other, unmentioned offenses. Appellant contends that the jury could have believed the charged conduct and the extraneous conduct were one transaction, and the jury may have therefore read the limiting instruction and thought there were other charges against appellant that were not referenced during trial.

acceptable trial strategy to object to an otherwise appropriate jury charge. Indeed, the Court of Criminal Appeals has analyzed *sua sponte* defensive instructions and found no error when, like here, the instructions are raised by the evidence and correctly stated. *See, e.g.*, *Barrera v. State*, 982 S.W.2d 415, 416 (Tex. Crim. App. 1998); *Fair v. State*, 465 S.W.2d 753, 754–55 (Tex. Crim. App. 1971). For example, in *Fair*, the defendant argued that the trial court erred by overruling his objection to a limiting instruction on extraneous offenses that the court included in the jury charge. *Fair*, 465 S.W.2d at 754. The Court held that although the trial court was not required to give the limiting instruction, it "was not harmful but beneficial to the appellant." *Id.* at 755. The Court concluded that instructing the jury—over the defendant's objection—that it could consider the extraneous offense only for a limited purpose was not reversible error. *Id.*; *see also Easter v. State*, 867 S.W.2d 929, 941 (Tex. App.—Waco 1993, pet. ref'd) (including extraneous offense limiting instruction to which defendant objected did not constitute reversible error); *Jasso v. State*, 699 S.W.2d 658, 662 (Tex. App.—San Antonio 1985, no pet.) (same).

Like *Fair*, the limiting instruction here would be considered beneficial to the defendant. *See Fair*, 465 S.W.2d at 754; *Easter*, 8637 S.W.2d at 941; *Jasso*, 699 S.W.2d at 662. As such, the trial court's inclusion of this instruction was not reversible error. *See Fair*, 465 S.W.2d at 755.

The jury charge contained no error. Accordingly, we overrule appellant's second issue.

## III.   CONCLUSION

We affirm the judgment of the trial court.


/s/    Marc W. Brown
Justice


Panel consists of Justices Busby, Donovan, and Brown.
Publish — Tex. R. App. P. 47.2(b).