**Opinion issued January 10, 2023.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00049-CR

_____

**GILBERTO YEPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1588884**

---

# O P I N I O N

A jury found Appellant Gilberto Yepez guilty of the offense of indecency with a child younger than seventeen years old and assessed his punishment at twenty years' imprisonment and a $10,000 fine. In one issue, Appellant argues the trial court erred by including a limiting instruction on the use of extraneous offense

evidence in the jury charge over Appellant's objection.  Finding no reversible error, we affirm the trial court's judgment.

## Background

Appellant was charged with committing the offense of indecency with a child on or about March 1, 2017, by touching the genitals of S.E. ("Stephanie"), a child younger than seventeen years old, with intent to arouse or gratify his sexual desire. At Appellant's trial, Stephanie testified that she moved into her grandmother's home when she was thirteen or fourteen years old.  Stephanie lived there with her grandmother, her grandmother's husband, Stephanie's younger siblings, and Appellant.  Appellant is Stephanie's stepfather and her younger siblings' father. Stephanie testified that Appellant would sneak into the living room where she was sleeping, remove her covers, touch her breasts under and on top of her bra, and insert his hands into her pants and beneath her underwear to rub her genitals.  According to Stephanie, Appellant would also kiss her on her stomach and back beneath her shirt, on her thighs, and on her mouth.  He would remove all her clothes despite her attempts to resist.  Appellant would also remove his pants and underwear, masturbate, and rub his penis on Stephanie's stomach.  When he would try to get Stephanie to touch his penis, she would pull her hands away.  Though Stephanie did not see Appellant ejaculate, she would feel wetness on her covers.  Stephanie testified that this occurred "almost every other night" for a "couple of months."

Although Stephanie did not initially tell anyone about the abuse, her uncle found out about it and called the police. Stephanie also told her grandmother about the abuse. Stephanie testified that when Appellant returned home from work, her grandmother and uncle confronted Appellant and told him they called the police. According to Stephanie, Appellant "said I did what I did."

In addition to the charged offense, Stephanie testified that Appellant had also touched her inappropriately when she was seven or eight years old. At that time, Stephanie was living with her mother, her younger siblings, and Appellant. Stephanie testified that Appellant would sneak into the room where she was sleeping, touch Stephanie's genitals under her underwear, kiss her back, take pictures of her with her clothes on, and remove her pants and underwear. Stephanie testified that the abuse stopped when she was eight years old because she moved in with her father. Appellant's counsel did not object to admission of this extraneous offense evidence or request a contemporaneous limiting instruction when the evidence was introduced.

In its proposed jury charge, the State included a Texas Rule of Evidence 404(b)[1] limiting instruction for the use of extraneous evidence. The proposed jury charge included the following Rule 404(b) instruction:

> You are further instructed that if there is any evidence before you in
> this case regarding the defendant's committing an alleged offense or

---

[1] Texas Rule of Evidence 404(b) states:

3

offenses other than the offense alleged against him in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, and even then you may only consider the same in determining the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose.

During the charge conference, the trial court discussed with the parties the need to include such a limiting instruction in the jury charge. The following exchange took place:

Court:    We're on the record?  Go ahead.

Appellant:    Let's see what you think first.  So [the State's] including the abuse from the second and third grade as other conduct.  And so [the State has] put the 404 B instruction in here.  But I think it kind of confuses the issue because we've been talking about it as all one sort of event.  And so I was thinking maybe we just take this page out.

Court:    You guys already spoke about this?

State:    Well, we have, Judge.  My understanding of it is that it needs to be in there because it's reversible error without—

---

(1) *Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses; Notice in Criminal Case*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence—other than that arising in the same transaction—in its case-in-chief.

TEX. R. EVID. 404(b).

> without an instruction as to what [the jury] can use that evidence for.

Court: Fair enough. I'd like to keep it in there.

The trial court then gave Appellant the opportunity to make his objection on the record. Appellant reiterated his objection to the inclusion of the instruction. The trial court overruled Appellant's objection and submitted the charge as written.

During closing arguments, Appellant's counsel told the jury:

> So before I get into my argument, I want to clear something up real quick, because you're going to get the jury instructions. One second, Judge. In the jury instructions, I think it's page 5 where it's talking about other conduct, other alleged offenses, things like that, I want to make sure that everybody understands that what [the State] is talking about is the stuff that happened allegedly in the second or third grade [when Stephanie was seven or eight years old]. Okay. I know that we've been talking about it and asking questions about it as if it's one long event. So I don't want you to think that there's anything else. Okay. That's what they're talking about on page 5.

The jury found Appellant guilty of indecency with a child younger than seventeen years old and assessed Appellant's punishment at twenty years' imprisonment and a $10,000 fine. This appeal followed.

**Limiting Instruction Regarding the Use of Extraneous Offense Evidence**

Appellant argues the trial court erred by including a limiting instruction on the use of extraneous offense evidence in the jury charge over Appellant's objection because the inclusion of the instruction impacted his trial strategy of treating all episodes "as all one sort of event." The State responds that it was not error to include

5

the limiting instruction in the jury charge because the instruction was correct, the court had no duty to remove it from the proposed charge, and the inclusion of the limiting instruction benefited Appellant.

## A. Standard of Review

When reviewing a challenge to a jury charge, we first consider whether error occurred, and if so, whether sufficient harm occurred to justify a reversal. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). The degree of harm necessary to require reversal based on charge error depends on whether the defendant properly objected at trial. *See id.* ("The issue of error preservation is not relevant until harm is assessed because the degree of harm required for reversal depends on whether the error was preserved.") (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)). If the defendant properly objected to the charge, we consider whether "some" harm occurred from the charge error. *Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). If the defendant did not properly object, the charge error is not preserved and we will reverse only if the error resulted in "egregious" harm. *Jordan*, 593 S.W.3d at 346 (citing *Almanza*, 686 S.W.2d at 171).

"'Some harm' means actual harm and not merely a theoretical complaint," and we will reverse "if the error was calculated to injure the rights of the defendant." *Jordan*, 593 S.W.3d at 347. Egregious harm, on the other hand, requires a showing

6

that the defendant was "deprived of a fair and impartial trial." *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013).

## B.    Applicable Law

An extraneous offense is any act of misconduct, whether resulting in prosecution or not, which is not shown in the charging instrument and which was shown to have been committed by the accused beyond a reasonable doubt. *See Martinez v. State*, 190 S.W.3d 254, 262 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Texas Rule of Evidence 404(b) prohibits the admission of extraneous offense evidence solely "to prove a person's character in order to show that on a particular occasion the person acted in conformity with that character." TEX. R. EVID. 404(b)(1). Extraneous offense evidence may be admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" or to rebut defensive theories. *Id.* at 404(b)(2). Under Texas Rule of Evidence 105(a), when a trial court admits evidence for a limited purpose, upon request by a party, the court "must restrict the evidence to its proper scope and instruct the jury accordingly." TEX. R. EVID. 105(a).[2]

---

[2]    Texas Rule of Evidence 105(a) states: "If the court admits evidence that is admissible against a party or for a purpose–but not against another party or for another purpose–the court, on request, must restrict the evidence to its proper scope and instruct the jury accordingly." TEX. R. EVID. 105(a).

If a defendant requests a limiting instruction at the time evidence of extraneous bad acts and offenses is first admitted at trial and a corresponding limiting instruction in the jury charge, the trial court must include a limiting instruction in the charge. *See Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. art. 36.14 (requiring trial court present jury with "a written charge distinctly setting forth the law applicable to the case"). If, however, the defendant fails to request a limiting instruction when evidence of extraneous bad acts and offenses is first admitted at trial, the evidence is admissible for all purposes, and the trial court is not obligated to include a limiting instruction in the jury charge. *See Delgado*, 235 S.W.3d at 251, 254 (holding trial court not required to include limiting instruction in jury charge when no limiting instruction was requested when evidence was first admitted); *see also Hammock v. State*, 46 S.W.3d 889, 893, 895 (Tex. Crim. App. 2001) ("Because the evidence in question was admitted for all purposes, a limiting instruction on the evidence [regarding extraneous bad acts and offenses] was not 'within the law applicable to the case,' and the trial court was not required to include a limiting instruction in the charge to the jury.").

**C.   Analysis**

In *Delgado v. State*, 235 S.W.3d 244 (Tex. Crim. App. 2007), the Court of Criminal Appeals held that when a defendant fails to request a limiting instruction limiting the use of extraneous offense evidence when the evidence is first admitted

at trial, a trial court has no duty to *sua sponte* include such a limiting instruction in the jury charge. *Id.* at 254. The defendant in *Delgado* was charged with one count of possession with intent to distribute between 4 and 200 grams of cocaine and a second count of simple possession of between 4 and 200 grams of cocaine. During the guilt-innocence phase of trial, the State introduced evidence of an extraneous offense stating that before "being arrested for the charged offense," Delgado had delivered "cocaine of an unknown amount" to another person. Delgado's counsel did not (1) object to the introduction of the evidence, (2) request a limiting instruction either at the time the evidence was admitted or during the jury charge, or (3) request any burden of proof instruction regarding the extraneous offense in the jury charge. *Id.* The jury acquitted Delgado on the first count of possession with intent to distribute but convicted him of the second charge of simple possession.

On appeal, Delgado argued that the trial judge had erred by not *sua sponte* including a reasonable-doubt instruction on extraneous-offense evidence in the jury charge. The Court of Criminal Appeals held that "a defendant is entitled to limiting instructions on the use of extraneous offenses during the guilt phase only if he timely requests those instructions when the evidence is first introduced." *Id.* at 253. Because Delgado did not request a limiting instruction when the evidence was first admitted, the trial court had no duty to include a limiting instruction in the jury

9

charge or instruct the jury on the burden of proof concerning an extraneous offense.[3]

*Id.* at 254; *see generally Hammock*, 46 S.W.3d at 895 (holding trial court did not err by not submitting limiting instruction because defendant did not request limiting instruction when he first had opportunity to do so and therefore evidence was admitted for all purposes).

Citing to *Delgado v. State*, Appellant argues that while a trial judge has a *sua sponte* duty to prepare a jury charge that accurately sets forth the law applicable to the case, there is no corresponding *sua sponte* duty to instruct the jury on all potential defensive issues. Appellant suggests that because the *Delgado* court recognized that the "decision of whether to request a limiting instruction concerning the proper use of certain evidence, including extraneous offenses, may be a matter of trial strategy," it follows that a court commits reversible error by including a limiting instruction in the jury charge over a defendant's objection. *Id.* at 250. The State responds that the trial court's inclusion of the limiting instruction in the jury charge was not error because the instruction was a correct statement of the law and its removal was not

---

[3]    If evidence of extraneous bad acts or offenses is admitted and the defense does not request a contemporaneous limiting instruction, the evidence is admissible for all purposes. *See Delgado v. State*, 235 S.W.3d 244, 251-54 (Tex. Crim. App. 2007) (stating that "if a defendant does not request a limiting instruction . . . at the time that evidence is admitted, then the trial judge has no obligation to limit the use of that evidence later in the jury charge" and noting, "This doctrine is a sensible one because otherwise a jury might sit through most of a trial under the mistaken belief that certain evidence is admissible for all purposes when, in fact, it is not.").

required. The State argues that while the holding in *Delgado* clarifies that a trial court has no obligation to include a limiting instruction in a jury charge when the defendant fails to request a limiting instruction at the time evidence of extraneous offenses is first admitted, the holding does not prohibit a trial court from doing so.

Citing to *Fair v. State*, 465 S.W.2d 753 (Tex. Crim. App. 1971), the State contends that the Court of Criminal Appeals has already rejected the argument that a trial court errs by including an extraneous-offense limiting instruction in the jury charge over a defendant's objection. In *Fair v. State*, the Court of Criminal Appeals had to determine whether the trial court's inclusion of a Rule 404(b) limiting instruction in the jury charge, over the defendant's objection, was error. In that case, Fair argued that the trial court erred in overruling his objection to a limiting instruction in the jury charge concerning extraneous offenses because the extraneous offenses had not been proven. *Id.* at 754. While the Court of Criminal Appeals concluded that it was not necessary to give the limiting instruction because the evidence was admissible to prove the main issues of intent and motive, the Court also concluded that the instruction "was not harmful but beneficial to the appellant." *Id.* at 755. The Court of Criminal Appeals thus held that the inclusion of the limiting instruction was not reversible error.[4] *Id.*

---

[4] The opinion does not include a harm analysis, thus indicating that the inclusion of the instruction was not error.

11

Citing to *Fair*, this Court and others consistently have held that inclusion of a limiting instruction for evidence of extraneous bad acts and offenses in a jury charge, over a defendant's objection, is not reversible error. *See Sadler v. State*, No. 01-14-00422-CR, 2015 WL 5136857, at *6 (Tex. App.—Houston [1st Dist.] Aug. 28, 2015, no pet.) (mem. op., not designated for publication) (holding trial court's inclusion of limiting instruction in jury charge was not reversible error); *see also Ferreira v. State*, 514 S.W.3d 297, 301–02 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (holding trial court does not commit reversible error by including extraneous offense limiting instruction in jury charge over defendant's objection); *Esparza v. State*, 513 S.W.3d 643, 648–49 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding trial court did not err by *sua sponte* including limiting instruction in charge over defense objection when instruction was raised by evidence and was correct statement of law).

This Court's opinion in *Sadler v. State*, No. 01-14-00422-CR, 2015 WL 5136857 (Tex. App.—Houston [1st Dist.] Aug. 28, 2015, no pet.) (mem. op., not designated for publication) is on point and dispositive of the issue. In that case, Sadler was taken to the hospital after his vehicle struck a utility pole. *Id.* at *1. When he arrived, an emergency room technician found $735 in cash in small denominations in Sadler's jean pockets, along with a plastic bag that she suspected contained illegal drugs. *Id.* The police officer investigating the crash smelled marijuana in Sadler's vehicle and took a blood-draw kit with him to the hospital

12

because he suspected Sadler had been driving while intoxicated. *Id.* When the officer arrived at the hospital, the security guard gave the officer the cash and the plastic bag found in Sadler's pockets. *Id.* The officer conducted a field test and determined that the bag contained cocaine. *Id.* Sadler was charged with possession with intent to distribute a controlled substance, cocaine, in an amount greater than 4 grams and less than 200 grams. *Id.*

At trial, the State introduced evidence that Sadler had tested positive for multiple illegal narcotics, including cocaine, when he was treated at the hospital. *Id.* at *2. Although Sadler objected to the admission of his toxicology report and the nurse's testimony that he tested positive for cocaine and other illegal drugs, Sadler did not object when the officer testified he smelled marijuana in Sadler's vehicle and he took a blood-draw kit with him to the hospital because he suspected Sadler had been driving while intoxicated, or when the officer testified that he did not pursue a DWI charge because DWI is a misdemeanor whereeases possession of a controlled substance is a felony. There is also no indication in the opinion that Sadler ever requested a contemporaneous limiting instruction. During the charge conference, Sadler objected to the inclusion of a limiting instruction on the use of extraneous offense evidence in the jury charge. *Id.* at *5. Sadler argued that the instruction could confuse the jury "in regard to the fact that . . . there may be an underlying basis for them to believe that [Sadler] has committed other offenses." *Id.* Sadler further

argued that "the Court is giving the [jury] carte blanche to consider the prior offense . . . if they believe that there's a motive, opportunity or intent. So, now we're taking into account the charge of possession where we have not prepared for or making records thereto." *Id.* The trial court overruled the objection and included the extraneous-offense limiting instruction in the jury charge.

On appeal, Sadler argued the trial court erred by including the extraneous-offense limiting instruction in the jury charge over his objection because "the decision whether to request such an instruction may be a matter of trial strategy." *Id.* at *6. Citing to *Fair*, we stated that "such an instruction would be considered beneficial to the defendant" and held the trial court's inclusion of the instruction was not reversible error. *Id.*

Appellant did not object to the admission of the extraneous offense evidence when the evidence was first admitted at trial, and like the defendant in *Sadler*, he likewise failed to request a contemporaneous limiting instruction. Sadler and Appellant both objected to the inclusion of an extraneous-limiting instruction in their respective jury charge and argued during the charge conference that the instruction would confuse the jury. On appeal, Appellant, like Sadler, argues the trial court erred by including an extraneous-offense limiting instruction in the jury charge over his objection because the decision was a matter of trial strategy.

14

The Court of Criminal Appeals' precedent makes clear that a trial court has no obligation to include a limiting instruction in a jury charge for use of extraneous offense evidence, even if the defendant requests such an instruction, when the defendant fails to request a limiting instruction at the time the evidence is first admitted. *See Delgado*, 235 S.W.3d at 252, 254 (holding trial court was not required to *sua sponte* include limiting instruction); *Hammock*, 46 S.W.3d at 893 (holding trial court did not err by denying defense request to include limiting instruction in jury charge). But Appellant has not directed us to, nor have we found, any cases holding that a trial court errs by including an extraneous-offense limiting instruction in the jury charge over a defendant's objection in such circumstances. *See generally Ferreira*, 514 S.W.3d at 301 ("But appellant has not cited, nor have we found, any cases holding that a trial court is prohibited from including a limiting instruction in such a situation."); *Esparza*, 513 S.W.3d at 648 ("*Delgado* does not say, and it does not follow, that trial courts are prohibited from including an extraneous offense instruction raised by the evidence if the defendant objects. We have found no authority for construing *Delgado* as appellant suggests.").

We thus hold the trial court did not err by including the limiting instruction on the use of extraneous offense evidence in the jury charge.

15

**D.      Briefing Waiver**

Even if the trial court had erred by including the extraneous-offense limiting instruction, Appellant still would not prevail on appeal because he waived his challenge to the trial court's inclusion of the instruction by not adequately briefing the issue of harm.

Appellant argues on appeal:

The error relates to the jury charge.  The proper standard of review is the one set forth in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. 1985).  Under *Almanza*, jury charge error requires reversal of the judgment when the defendant has properly objected to the charge and the appellate court finds "some harm" to his rights. At 171.

In this case, appellant objected to the limiting instruction on the use of extraneous offense evidence because it impacted his trial strategy of treating all instances "as all one sort of event." Defense counsel showed this as his trial strategy when he did not request a limiting instruction at the time the extraneous offense evidence was admitted.  The limiting instruction in the jury charge was not legally mandated in the instant case.  It was clearly error to include the limiting instruction in the jury charge over appellant's objection because it impacted trial counsel's trial strategy.  Doing this over an objection to that instruction is sufficient harm as to require a reversal of this case and remanding the matter to the trial court for a new trial.

This is the entirety of Appellant's argument that the inclusion of the extraneous-offense limiting instruction in the charge was harmful.   Although Appellant identifies the applicable standard of review under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. 1985), he does not provide a meaningful, substantive analysis of the issue.  Instead, he argues that the inclusion of the limiting instruction "impacted trial

counsel's trial strategy" and was harmful because it was included over his counsel's objection. ("Doing this over an objection to that instruction is sufficient harm. . ."). Appellant does not cite to the record or provide any supporting legal authority to explain how or why the inclusion of the limiting instruction over his counsel's objection resulted in "some harm." *See Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (holding appellant's argument trial court erred by failing to include instruction in jury charge was waived due to inadequate briefing when "appellant d[id] not address the question of whether the alleged error . . . was harmless"); *see also Thomas v. State*, No. 06-21-00138-CR, 2022 WL 3048223, at *9 (Tex. App.—Texarkana Aug. 3, 2022, no pet.) (mem. op., not designated for publication) (citing *Cardenas* and holding appellant did not preserve alleged charge error for appellate review because although appellant "set forth the standard for analyzing harm caused by jury-charge error, he provided no harm analysis other than a conclusory statement that the harm was egregious").

We thus hold Appellant waived his challenge to the trial court's inclusion of the extraneous-offense limiting instruction in the charge by inadequately briefing the issue of harm and he has not presented anything for our review. *See Cardenas*, 30 S.W.3d at 393; *Thomas*, 2022 WL 3048223, at *9.

**E.    Harm**

Even if the trial court erred by including the extraneous-offense limiting instruction, and Appellant had preserved the issue for our review, Appellant still would not prevail on appeal because any error in this regard was harmless. Because Appellant objected to the inclusion of the limiting instruction in the jury charge, we may reverse only if we determine the error caused "some harm" to Appellant. *See Jordan*, 593 S.W.3d at 346 (citing *Almanza*, 686 S.W.2d at 171).

In evaluating the extent of the harm, we review the entire record assessing (1) the jury charge in its entirety, (2) all of the evidence including the contested issues and the weight of the probative evidence, (3) counsels' statements during voir dire and at trial, and (4) any other pertinent information in the record. *Id.* "Some harm" requires a finding of "actual harm and not merely a theoretical complaint." *See id.* We may only reverse under these circumstances "if the error was calculated to injure the rights of the defendant." *See id.*

Appellant argues the trial court erred by including the extraneous-offense limiting instruction in the charge over his objection "because it impacted trial counsel's trial strategy" and "doing this over an objection to that instruction is sufficient harm as to require a reversal." Appellant's trial strategy was to raise questions about Stephanie's credibility and point out that there was no evidence corroborating Stephanie's testimony regarding the alleged abuse. Rather than trying

18

to minimize or avoid testimony regarding the alleged extraneous offenses that occurred when Stephanie was seven or eight years old, part of Appellant's counsel strategy was to treat those incidents and the alleged and charged abuse that occurred when Stephanie was fourteen years old "as all one sort of event." To the extent Appellant was concerned that the limiting instruction would confuse the jury, Appellant's counsel mitigated that possibility in his closing argument by clarifying that the only other bad acts or offenses the charge was referring to were the events alleged to have occurred when Stephanie was seven or eight years old. Furthermore, as the Court of Criminal Appeals, this Court, and other appellate courts routinely have recognized, the inclusion of a limiting instruction in a jury charge benefits the defendant. *See Fair*, 465 S.W.2d at 755; *Sadler*, 2015 WL 5136857, at *6; *see also Ferreira*, 514 S.W.3d at 301; *Esparza*, 513 S.W.3d at 649.[5] Given the beneficial

---

[5] *See also Ryder v. State*, 514 S.W.3d 391, 403 & n.10 (Tex. App.—Amarillo 2017, pet. ref'd) (holding trial court did not err by *sua sponte* including limiting instruction in charge that "is consistent with evidence admitted under Rule of Evidence 404(b)" and noting "[o]ther courts have found no harm to the defendant in such limiting instructions") (citing *Longoria v. State*, No. 01–15–00213–CR, 2016 WL 6755772 (Tex. App.—Houston [1st Dist.] Nov. 15, 2016, no pet.) (mem. op., not designated for publication), and *Gilmore v. State*, No. 01–09–00260–CR, 2010 WL 987733 (Tex. App.—Houston [1st Dist.] March 18, 2010, pet. ref'd) (mem. op., not designated for publication)); *Bridgefarmer v. State*, No. 02-19-00425-CR, 2020 WL 7258059, at *12 (Tex. App.—Fort Worth Dec. 10, 2020, no pet.) (holding regardless of whether trial court erred by including limiting instruction in charge over defendant's objection, such error was not reversible error); *Miller v. State*, No. 05-14-01355-CR, 2017 WL 34585, at *4 (Tex. App.—Dallas Jan. 4, 2017, no pet.) (mem. op., not designated for publication) (same); *Gilmore*, 2010 WL 987733, at *4 (reviewing alleged error for egregious harm because defendant did not object to jury charge and holding "that although the trial court was not required to give a

nature of the limiting instruction, we cannot say that the inclusion of the instruction in the jury charge "was calculated to injure [Appellant's] rights." *Jordan*, 593 S.W.3d at 347 (stating court may only reverse "if the error was calculated to injure the rights of the defendant").

After reviewing the record in its entirety, and considering the beneficial nature of the limiting instruction, we conclude the inclusion of the limiting instruction in the charge did not cause "some" harm to Appellant, and thus, there is no reversible error. *See Jordan*, 593 S.W.3d at 347 (defining "some harm" as "actual harm and not merely a theoretical complaint," and stating appellate court will only reverse "if the error was calculated to injure the rights of the defendant").

We overrule Appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Kelly, Rivas-Molloy, and Guerra.

Publish. TEX. R. APP. P. 47.2(b).

---

limiting instruction regarding the pictures of the interior of the house and the evidence of other narcotics, the trial court did not commit egregious error by instructing the jury that they could consider the evidence only for 'background contextual' purposes").

20